

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2002

# Haseler v. Comm Social Security

Precedential or Non-Precedential:

Docket No. 01-3359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Haseler v. Comm Social Security" (2002). *2002 Decisions.* Paper 251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-3359


KAREN L. HASELER,
                              Appellant

              v.

   ACTING COMMISSIONER OF SOCIAL SECURITY,
          *LARRY G. MASSANARI

       *Pursuant to F.R.A.P. 43(c)


    On Appeal from the United States District Court
            for the District of New Jersey
          (D.C. Civil No. 00-cv-01403  )
   District Judge:  Hon. Joseph A. Greenaway, Jr.


      Submitted Under Third Circuit LAR 34.1(a)
                  April 5, 2002

    Before:  SLOVITER, BARRY, and ALARC N,* Circuit Judges

             (Filed April 8, 2002)


             OPINION OF THE COURT

_____

     *    Hon. Arthur L. Alarc¢n, Senior Judge, United States Court of Appeals for the
     Ninth Circuit, sitting by designation. SLOVITER, Circuit Judge.
                              I.
     Appellant Karen Haseler applied for disability insurance benefits and supplemental
security income benefits on January 19, 1996, alleging disability due to respiratory
impairments including emphysema and asthma.  The Commissioner of Social Security
denied her application and her request for reconsideration.  In response to Haseler's
request, a hearing was held before an Administrative Law Judge (ALJ) who found
Haseler ineligible for benefits.  The Appeals Council denied her request for review and
Haseler brought a civil action in the United States District Court for the District of New
Jersey pursuant to 42 U.S.C.   405(g).  The District Court found that the decision of the
Commissioner was supported by substantial evidence and entered judgment.  Haseler
timely appealed.
     Under the requirements of 20 C.F.R.   404.1520 and 416.920, a five-step,
sequential analysis must be conducted before a claimant may qualify for benefits.  The
ALJ found that Haseler had not been engaged in substantial gainful activity since July 4,
1995 and thus met the burden for step one.  The ALJ concluding that Haseler suffered
from a respiratory disorder that "had more than a slight affect [sic] on her ability to
perform basic work activities and which is, therefore, 'severe,'" meeting the burden of
step two.  App. at 26.  However, in considering whether Haseler's impairment was listed
or the equivalent of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1,
the ALJ found that the burden had not been met because 1) her spirometric results failed

to meet the relevant requirements, and 2) she had failed to produce any documentation of episodic asthma attacks requiring emergency treatment or hospitalization.

Having determined that Haseler had failed to meet the burden of step three, the ALJ proceeded to step four, finding that a recitation of Haseler's medical history, documentation of symptoms, and the evaluations of the various examining physicians failed to indicate a level of impairment beyond that of moderate impairment. The ALJ concluded that Haseler could still perform light work in the national economy and found that Haseler's two previous occupations, waitress and deli clerk, qualified as light work. As a result, the ALJ concluded that Haseler was still capable of performing her previous work and was not disabled under 20 C.F.R. 404.1520(f) and 416.920(f). Having reached this conclusion, the ALJ was not required to proceed to step five.

II.

We must uphold the findings of fact of the Commissioner if those findings are supported in the record by "substantial evidence." 42 U.S.C. 405(g); see also Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). The Supreme Court has defined substantial evidence as "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971). This standard does not require "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 564-65 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the evidence in the record supports more than one reasonable interpretation, deference is given to the Commissioner's findings. Alexander v. Shalala, 927 F. Supp. 785, 791 (D.N.J. 1995), aff'd, 85 F.3d 611 (3d Cir. 1996).

The ALJ's determination was supported by substantial evidence. The ALJ heard Haseler's testimony and reviewed her medical records before concluding that, although Haseler has a "severe" respiratory impairment, she retains the residual functional capacity to perform her past relevant work. The medical records introduced into evidence revealed that Haseler's initial diagnosis at the Garfield Clinic was emphysema and an enlarged liver. Further visits yielded a diagnosis of chronic obstructive pulmonary disease. A chest x-ray revealed no acute pathology, but further testing revealed mild obstructive airway disease and a mild response to bronchodialators, drugs that improve ventilation to the lungs. Haseler was given a spirometric examination, which evaluates the amount of air inhaled and exhaled by the patient in order to assess residual lung capacity, and received an assessment of 74% of predicted values.

The Social Security Administration had two consulting physicians examine Haseler and both diagnosed her with asthmatic bronchitis and an enlarged liver. During her administrative appeal, Haseler was also examined by both a physician and a disability examiner who found no grounds for reversal of the ALJ's decision. Haseler's residual physical functional capacity assessment concluded that Haseler could occasionally lift 50 pounds and frequently lift 25 pounds, while working, sitting, or standing for six hours per day. App. at 9-10.

Haseler asserts three claims in her brief: 1) that the ALJ omitted, ignored, and fabricated evidence; 2) that the ALJ's decision violated the doctrine laid out by this court in Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981); and 3) that the ALJ improperly evaluated her subjective complaints of pain, contrary to the mandated practice of the Social Security Administration. Appellant's Br. at 3.

Haseler is correct that the ALJ's published decision has several errors of fact. The ALJ's decision incorrectly states that Haseler regularly climbed four flights of stairs to reach her apartment when she testified that she was only able to reach her apartment by using the building's elevator. App. at 28. The ALJ also stated that Haseler had not been prescribed steroids for her condition, which was contrary to the medical evidence of record. App. at 27. However, these two misstatements do not indicate that the ALJ fabricated evidence, nor does it appear that the ALJ omitted or ignored any substantive evidence. The misstatements cited are not dispositive and do not warrant reversal in light of the substantial evidence in support of the ALJ's decision.

Haseler claims that the ALJ's written decision failed to address all of the relevant evidence presented at the hearing and thus violated this court's requirement under Cotter that administrative decisions must include factual support.

> In our view an examiner's findings should be as comprehensive and analytical as feasible and, where

> appropriate, should include a statement of subordinate factual
> foundations on which ultimate factual conclusions are based,
> so that a reviewing court may know the basis for the decision.
> This is necessary so that the court may properly exercise its
> responsibility under 42 U.S.C.  405(g) to determine if the . . .
> decision is supported by substantial evidence.

Cotter, 642 F.2d at 705 (quoting Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974)).

However, we have explained that "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice."  Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981) (denying petition for rehearing).  An examination of the record and the decision in this case demonstrate that the ALJ's detailed discussion of the evidence met this standard. Haseler's specific claims regarding this issue fail to support her argument.  Haseler claims that the ALJ violated this doctrine by failing to mention her diagnoses and simply referring to her condition as a "respiratory disorder."  Appellant's Br. at 9.  In fact, the ALJ makes specific mention of the diagnoses of asthma and emphysema and describes Haseler's condition as "severe."  App. at 25- 26.  Haseler also alleges that the ALJ failed to mention the diagnoses of wheezing and rhonchia, Appellant's Br. at 10, but the ALJ did mention that there was clinical evidence of wheezing.  App. at 27.  Haseler also incorrectly accuses the ALJ of omitting mention of the diagnoses of her treating physician, Appellant's Br. at 10, when the ALJ specifically addressed that evidence in his decision.  App. at 27-28.

As to Haseler's third claim, under 20 C.F.R.  404.1529(b) and 416.929(b) subjective complaints of pain alone are insufficient to establish disability absent corroborating medical evidence.  Such evidence must demonstrate that the claimant has a condition which could reasonably produce the pain alleged.  If such evidence exists but the complained of pain exceeds the level and intensity of that indicated by the objective medical evidence, the Commissioner is required to consider:

> (i) [Claimant's] daily activities;
> (ii) The location, duration, frequency, and intensity of [claimant's] pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication [claimant] take[s] or ha[s] taken to alleviate . . . pain or other symptoms;
> (v) Treatment, other than medication, [claimant] receive[s] or ha[s] received for relief of . . . pain or other symptoms;
> (vi) Any measures [claimant] use[s] or ha[s] used to relieve ... pain or other symptoms . . . ;  and
> (vii) Other factors concerning [claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R.  404.1529(c)(3)(i)-(vii).  Furthermore, the Commissioner considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence, including . . . medical history, the medical signs and laboratory findings, and statements by [the] treating or examining physician or psychologist or other persons about how [the] symptoms affect [the claimant]."  20 C.F.R.  404.1529(c)(4).

The ALJ did not dispute that Haseler had a condition that could produce impairing respiratory symptoms.  However, her testimony as to the level of that impairment was inconsistent with both the objective medical evidence and the evidence indicated by her daily activities.  Haseler claimed that her pain was so severe as to render her nearly incapacitated, yet none of her treating physicians assessed her at a level of impairment above moderate, and she had no documented emergency medical treatments or hospitalizations.  In fact, her treatment history was "conservative" and "irregular."  App. at 28.  There was no documentation of any side effects from her medications, nor was there any documented indication that those medications were ineffective in controlling her symptoms.  She could go to the grocery store, clean her apartment, and take two hour

walks.  Against her physician's advice, she continued to keep a cat and to smoke at least one pack of cigarettes per day, both of which constitute voluntary exposure to independent, aggravating factors.  After considering all of these elements, the ALJ concluded that Haseler's subjective claims of pain were "not, therefore, entirely credible." App. at 28. The ALJ followed the mandated procedures for evaluating Haseler's subjective complaints of pain.

### III.

Because there is substantial evidence supporting the ALJ's denial of benefits to Haseler, we will affirm the judgment of the District Court.

/s/ Dolores K. Sloviter
Circuit Judge